EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ROMÁN NIEVES, acusado y apelante.

*Número:* CR-64-474          *Resuelto:* 27 de septiembre de 1965

---

704

*Edna Abruña Rodríguez,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por un jurado del delito de escalamiento en primer grado y sentenciado a cumplir de 2 a 5 años de presidio.

Sostiene en este recurso que el Tribunal sentenciador erró (1) "al no acceder a la solicitud de la defensa para que se le concediera tiempo para entrevistar al acusado y entrevistar la prueba", y (2) "al no suspender la vista del caso para gestionar la presencia del testigo con el cual la defensa intentaba probar su teoría".

Al llamarse el caso para vista la representación del acusado solicitó tiempo para entrevistarse con el acusado y con la prueba aclarando que no solicitaba la suspensión del

caso. Denegada la solicitud se procedió a la desinsaculación del jurado luego de lo cual el Tribunal dictó la siguiente orden: "El tribunal va a decretar un receso. Las damas y caballeros del jurado no permitirán que persona alguna les hable sobre este caso durante este receso; ustedes mismos no discutirán entre ustedes ni formarán juicio sobre él, y la letrada distinguida tiene todo el tiempo que necesite para entrevistar a quien tenga que entrevistar. Receso de algunos minutos." Al reanudarse la sesión del Tribunal la abogada del acusado, Licda. Ludmilia Rivera Burgos nada dijo respecto al tiempo concedídole para entrevistar al acusado y a los testigos sino que solicitó la citación de un testigo y así se ordenó. Comenzó inmediatamente el desfile de la prueba oral. Luego de declarar el primer testigo de descargo, el Tribunal decretó otro receso a petición de la abogada de la defensa para ella conferenciar con el acusado.

Del récord surge además que el acusado estuvo representado en la lectura de la acusación por la Licda. Rivera Burgos; que el caso se señaló para el día 9 de diciembre de 1963 y fue suspendido a petición del acusado señalándose para el 21 de febrero de 1964; que el 29 de enero de 1964, la Licda. Rivera anunció al Tribunal que era la abogada del acusado. Surge pues del récord que el Tribunal sentenciador no negó tiempo a la abogada de la defensa para entrevistarse con el acusado y sus testigos, a pesar de que con antelación a la celebración del juicio tuvo tiempo suficiente para ello.

■ Tampoco erró el Tribunal sentenciador al negarse a suspender la vista del caso para que el acusado gestionara la presencia del testigo con el cual intentaba probar su teoría porque (a) aun cuando el acusado conocía esa prueba no hizo gestiones antes del juicio para que se citara al testigo, (b) fue durante la presentación de la prueba de defensa que solicitó la citación del testigo, (c) el Tribunal ordenó la citación de dicho testigo pero no pudo diligenciarse la citación porque dicho testigo ya no era agente de la policía y se

hallaba prestando servicio militar, (d) el testimonio de dicho testigo no tendería a establecer la supuesta defensa de coartada, y (e) no se observó el cumplimiento de la Regla 74 de las de Procedimiento Criminal para sustanciar dicha defensa aparte de que la prueba del acusado no establecía dicha defensa.

*Se confirmará la sentencia apelada.*